IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE CAI, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>NORMA PRADO,<br><br>            Defendant.       / | No. C -14-01847 EDL<br><br>**REPORT AND RECOMMENDATION RE: DEFENDANT'S APPLICATION TO PROCEED <u>IN FORMA PAUPERIS</u>** |

On April 22, 2014, Defendant Norma Prado filed a Notice of Removal and an Application to Proceed <u>In Forma Pauperis</u> in this case. No party has consented to this Court's jurisdiction, so the Court issues this Report and Recommendation and will reassign this case to a district judge.[1] For the reasons set forth below, the Court recommends granting Defendant's Application to Proceed <u>In Forma Pauperis</u> and remanding this matter to state court.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed <u>in forma pauperis</u>, the court may dismiss a case <u>sua sponte</u> if the court determines that the party applying for <u>in forma pauperis</u> status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989). Under 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). Dismissal on these grounds is often made <u>sua sponte</u> prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of

---

[1] On April 28, 2014, the Court sent a clerk's notice to Defendant Prado requesting that she decide whether to consent or decline magistrate judge jurisdiction in this case. On May 7, 2014, the clerk's notice was returned by the United States Postal Service as undeliverable.

answering such complaints. Id. at 324.

Defendant's Application to Proceed In Forma Pauperis adequately alleges her poverty. While Defendant is not employed, and her monthly expenses appear to exceed her monthly income. She does not own a home, and she does not have a bank account. She owns $25.00 in cash. Therefore, Defendant qualifies for In Forma Pauperis status, and her Application should be granted.

However, the Court lacks subject matter jurisdiction in this case. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Defendant bases removal on federal question jurisdiction, stating that Plaintiff failed to comply with the Protecting Tenants at Foreclosure Act, Pub.L.No. 111-22, § 702, 123 Stat. 1660 (2009). Notice of Removal at 3. Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any

1  ground for removal.  Therefore, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331
2  because the complaint, on its face, does not arise under federal law.
3      Accordingly, the Court recommends granting Defendant's Application to Proceed <u>In Forma</u>
4  <u>Pauperis</u> and remanding this case to the Alameda County Superior Court.  Any party may serve and
5  file specific written objections to this recommendation within fourteen (14) days after being served
6  with a copy.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to
7  file objections within the specified time may waive the right to appeal the District Court's order.

Dated:  May 20, 2014

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3